UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR CAMARGO JUAREZ,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>ALLIED UNIVERSAL,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:21-cv-00221-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Victor Camargo Juarez, a former employee of Defendant Allied Universal, sued Allied for employment discrimination for failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. (ECF No. 4 at 4.) Before the Court is Allied's motion to dismiss the Complaint with prejudice because Juarez's claims are time-barred, or in the alternative, to compel arbitration (ECF No. 10 ("Motion")).[1] Because Juarez filed his Complaint outside the 90-day deadline, the Court will grant in part and deny in part the Motion, and allow Juarez leave to amend his Complaint.

　　　　A plaintiff generally has 90 days "[a]fter receiving an EEOC right-to-sue letter" to file a lawsuit. *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010). This 90-day filing period is subject to equitable tolling in appropriate circumstances. *See id*. (citation omitted). However, equitable tolling is applied "sparingly" and "[c]ourts have been generally unforgiving . . . when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992) (citation and quotation marks omitted).

---

[1] Juarez filed a response to the Motion (ECF No. 13) and Allied filed a reply (ECF No. 16).

In his Complaint, Juarez notes that he received the EEOC right-to-sue letter on February 10, 2021, which means he had until May 11, 2021, to file his lawsuit. (ECF Nos. 4 at 5, 10 at 4.) However, he did not file his lawsuit until May 12, 2021—one day past the 90-day deadline. (ECF No. 4 at 1.) *See Stiefel*, 624 F.3d at 1245. Juarez contends that he made a good faith error in the Complaint and meant to put down February 11, 2021, as the date that he received the right-to-sue letter. (ECF No. 13 at 2.) Juarez maintains that he contacted the Clerk of Court after receiving the EEOC letter and followed the Clerk's instructions for calculating 90 days from February 11, 2021—which yielded a filing deadline of May 12, 2021. (*Id.*)

Because Juarez filed his Complaint past the 90-day window and has failed to make a showing for equitable tolling, the Court will grant Allied's motion to dismiss Juarez's claims. (ECF No. 10.) *See Stiefel*, 624 F.3d at 1245; *Scholar*, 963 F.2d at 267-68. However, given Juarez's *pro se* status, the Court will allow Juarez to amend[2] his Complaint to cure the deficiencies described herein (i.e., Juarez's modification of the Complaint to reflect that he received the right-to-sue letter on February 11, 2021, as he claims in his response). *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (noting that dismissal of a complaint without leave to amend is only proper when it is clear the complaint could not be saved by any amendment); *see also* Fed. R. Civ. P. 15(a)(2) (instructing district courts to "freely give leave" to amend when justice so requires).

It is therefore ordered that Allied's motion to dismiss (ECF No. 10) the Complaint (ECF No. 4) is granted in part and Juarez's claims are dismissed without prejudice, with leave to amend.

It is further ordered that Allied's alternative motion (ECF No. 10) to compel arbitration is denied as moot.

---

[2]The Court notes that there is really no dispute that Juarez's claims are subject to arbitration. The Court accordingly encourages the parties to stipulate to arbitration in the event Juarez does file an amended Complaint.

It is further ordered that, if Juarez decides to file an amended Complaint, he must do so within 30 days of the date of entry of this order. Juarez's failure to file an amended Complaint within 30 days will result in dismissal of his claims with prejudice.

DATED THIS 8th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE